**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FRANK C. PUGLIA,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:11-CV-1418-N** |
| **GENBAND HOLDINGS COMPANY,** | § | |
| *et al.,* | § | |
| *Defendants*. | § | |
| | § | |

**JOINT REPORT REGARDING STATUS AND SCHEDULING**

TO THE HONORABLE DAVID C. GODBEY:

In accordance with the Court's September 1, 2011 order, counsel conferred by telephone on September 13, 2011. For Plaintiff, associate counsel, Adam S. Greenfield participated in the call. For Defendants, Jonathan B. Rubenstein and Tyler M. Simpson participated. The call lasted approximately 15 minutes during which time counsel discussed the items listed in the Court's September 1, 2011 order as well as the requirements of Federal Rule 26(f). The following joint report contains the contents of those discussions.

**1. Nature of the Case and the Parties' Contentions**

**Plaintiff's Contentions:**

This is an age discrimination case brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621.

Frank C. Puglia complains that during his tenure with Genband, Genband subjected Puglia to a hostile work environment towards older employees. The discriminatory age bias began shortly after joining Genband, including but not limited to, providing personal loans to his direct supervisor in order to keep his job and Puglia's failure to be promoted to a VP position.

Puglia's then-supervisor, Mehmet Balos, was deeply involved in Genband's culture of age discrimination, as were other colleagues. The discriminatory age bias culminated in Puglia's termination on March 18, 2011. The reason offered by Genband for the termination was false and a pretext for age discrimination.

Genband's discriminatory actions caused lasting damage to Puglia's personal and professional reputation, and he has experienced both lost wages and benefits and emotional distress, among other pecuniary and non-pecuniary damages.  To redress this unlawful discrimination, Puglia seeks front and back pay, equitable relief necessary to place him in the position that he would have held but for Defendants' discrimination and retaliation, compensatory damages, pre- and post-judgment interest, punitive damages, and his court costs and attorneys fees.

**Defendants' Contentions:**

Defendants deny that any unlawful discrimination against Plaintiff occurred.  Defendants further deny creating or perpetuating a hostile work environment towards older employees. Genband terminated Plaintiff on March 18, 2011 in accordance with reasonable, legitimate, non-discriminatory business considerations, not based on Plaintiff's age.  Among other things, Plaintiff's job performance was unsatisfactory in several key respects:  he was insubordinate to his manager on multiple occasions and his attendance at work was lackluster.  Plaintiff's termination was in no way related to his age.  Defendants also deny that Plaintiff is entitled to any forms of relief he seeks, including, but not limited to, punitive damages which are not permitted under the Age Discrimination in Employment Act.

**2.      Status of settlement discussions**

On June 13, 2011, while the matter was still in the administrative phase, Plaintiff's counsel conveyed an initial offer of settlement to Defendants' counsel.  Defendants rejected Plaintiff's offer.  Since that time, the parties have not held substantive settlement discussions but the parties will continue to discuss settlement in good faith in the future.

**3.      The possibility of joinder of additional parties**

Plaintiff and Defendants do not anticipate seeking leave to join additional parties. However, the parties reserve the right to request leave to join additional parties if discovery reveals information that would justify the joinder of additional parties.

**4.      Anticipated challenges to jurisdiction and venue**

The parties agree that the Court has jurisdiction over the claims in dispute.  Plaintiff intends to waive his right to jury trial of his claims and the parties agree that this Court is the proper venue in which to try their dispute to the bench.

**5.      Anticipated trial date and length of trial**

Information revealed in discovery may alter this estimate. Plaintiff currently anticipates being ready for trial by October 2012, whereas Defendant anticipates being ready by February 2013. In addition, Plaintiff anticipates trial lasting six to seven days, whereas Defendant anticipates a timeframe of two to three days.

**6.      The parties' views on the desirability and timing of ADR**

The parties view mediation as potentially helpful after initial discovery has been conducted. They have discussed possible mediators to use for this case but have yet to  reach an agreement. In the event that the Court orders them to mediation, the parties are confident that they can find a mutually acceptable mediator.

**7.      Objections to Rule 26(a)(1) disclosures**

The parties do not object to disclosure under that rule.

**8.      Federal Rule 26(f) matters**

The parties additionally have conferred over the matters contained in Federal Rule 26(f). Following are the results of those discussions:

(a)      *Timing of Rule 26(a)(1) disclosures:*

The parties have agreed to exchange initial Federal Rule 26(a)(1) disclosures by Friday, October 14, 2011.   They do not recommend any changes to the form or requirement for disclosures under Federal Rule 26(a).

(b)      *Discovery:*

The parties anticipate engaging in discovery into, *inter alia*, Plaintiff's failure to be promoted and later termination, Defendants' alleged non-discriminatory reasons for taking those actions, and the damages that Plaintiff has suffered as a result.   They anticipate conducting both written and oral discovery.   The parties do not recommend that discovery be conducted in phases or limited to particular issues.

Defendants have issued litigation hold memos to relevant persons under its control with knowledge of the case.   Defendants have requested that Plaintiff preserve all documents, emails, and other information, in any form, relevant to his claims in this lawsuit, including information kept on his personal computer.

(c)      *Electronically stored information:*

The parties propose the following means for disclosure or discovery of electronically stored information:

The parties will endeavor to produce responsive, non-privileged electronically stored information in its native format (*i.e.*, in electronic form, rather than on paper).   The parties will,

to the extent possible, produce responsive image files in .tiff or .pdf format.  Regarding documents existing in Microsoft Word, Microsoft Excel, Microsoft Power Point, Microsoft Access, Microsoft Outlook, Word Perfect, or Quattro format, the parties will produce the information in .tiff or .pdf format. If a party would like the production of certain documents in native format, the parties will confer and attempt to reach reasonable agreement concerning those documents. Regarding all other responsive electronically stored information, the parties will produce the information in text format or some readily accessible format. Additionally, the parties will produce responsive electronically stored information on a DVD or portable storage device.

At this time, the parties are not aware of any dispute concerning the disclosure or discovery of electronically stored information.  Should a dispute arise, the parties will attempt to resolve it before turning to the Court for guidance or determination.

(d)     *Potential privilege issues and the need for a protective order:*

Defendants do not anticipate unusual privilege issues. Defendants intend to require a Protective Order to protect information that is business confidential or pertains to the personal information of nonparties. Likewise, Plaintiff anticipates seeking some form of protection, whether in the form of a confidentiality agreement or protective order, for sensitive personal and financial information that may be disclosed in discovery. The parties will work together to submit a joint Protective Order.

(e)     *Changes to the limitations on discovery under Federal and local rules:*

The parties do not recommend at this time any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rules.  As discovery progresses, Plaintiff may discover from Defendants' disclosures and/or discovery answers that depositions in

excess of the limitation imposed by Federal Rule 30(a) have become necessary, and he therefore reserves any arguments that he may have in seeking leave to take additional depositions.

(f)     *Other orders*:

The parties are not presently aware of any orders that the Court should issue under Federal Rule 26(c).

DATED:  September 27, 2011.                         Respectfully submitted,

BAKER BOTTS L.L.P.                                  GILLESPIE, ROZEN & WATSKY P.C.
2001 Ross Avenue                                    3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75201-2981                            Dallas, Texas  75204
Telephone: (214) 953-6500                           Tel.:    (214) 720-2009
Facsimile: (214) 953-6503                           Fax:    (214) 720-2291
                                                    E-mail:    hkg@grwlawfirm.com
                                                               agreenfield@grwlawfirm.com

*/s/ Jonathan Rubenstein*
(by permission: Adam S. Greenfield)                 */s/ Adam S. Greenfield*
Jennifer Trulock                                    Hal K. Gillespie
State Bar No. 90001515                              *Attorney-in-Charge*
Jonathan Rubenstein                                 Texas Bar No. 07925500
State Bar No. 24037403                              Adam S. Greenfield
Tyler M. Simpson                                    Texas Bar No. 24075494
State Bar No. 24066091


## CERTIFICATE OF SERVICE

I certify that on September 27, 2011 I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, Dallas Division, using the court's electronic case files system.  The electronic case files system sent a "Notice of Electronic Filing" to the following individual(s), who have consented to accept this Notice as service of this document by electronic means.

By:   */s/ Adam S. Greenfield*
        Adam S. Greenfield

**Joint Report Regarding Status and Scheduling** – **Page 6**