IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK C. PUGLIA,<br>   *Plaintiff*,<br><br>v.<br><br>GENBAND HOLDINGS COMPANY,<br>*et al.*,<br>   *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:11-CV-1418-N |

## PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER, REQUEST FOR EXPEDITED HEARING, AND SUPPORTING BRIEF

TO THE HONORABLE DAVID C. GODBEY:

### I. OVERVIEW

Defendant filed a Notice of Service of Subpoenas on Plaintiff, absent conference with Plaintiff, seeking employment records from Plaintiff's past employers, namely: **Hewlett-Packard Company, Tellabs North America, Inc., and Ericsson, Inc.** Plaintiff, Frank Puglia, respectfully requests expedited treatment of this motion because time is of the essence. These subpoenas seek the production of Plaintiff's employment personnel file (not including protected health information), separation documents, formal or informal complaints made against Plaintiff, and formal or informal complaints made by the Plaintiff against his former employer. Defendant is seeking documents and records which are of a highly personal nature, will not lead to the discovery into any relevant matter, and are not reasonably calculated to lead to the discovery of admissible evidence. Puglia brings these Objections and Motion to Quash, pursuant to Rule 45(c)(3)(B), Federal Rules of Civil Procedure, and Motion for Protective Order, pursuant to Rule

26(c), Federal Rules of Civil Procedure, and respectfully shows the following in support. Plaintiff requests that this Court grant this Motion in its entirety.

## II. SUMMARY

1. Puglia has brought suit against Defendant, his former employer, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621.

2. Defendant notified Plaintiff on February 6, 2012, that it had issued three subpoenas seeking broad categories of irrelevant information from former employers. (See Exhibit A)

3. On the very same day, February 6, 2012, Defendant served subpoenas on three of Plaintiff's former employers and served Plaintiff with Defendants' First Set of Interrogatories and First Request for Production.

4. The three subpoenas served by Defendant all requested the same information, with the term "**Documents**" having the **"broadest possible meaning consistent with the Federal Rule of Civil Procedure 34(a)(1)"**:

    1. **"Frank Puglia's employment personnel file, including but not limited to _documents_ pertaining to disciplinary action taken or considered by [former employer] against Frank Puglia. GENBAND does not seek the production of Mr. Puglia's protected health information."**

    2. **"All documents relating to Frank Puglia's separation from [former company], including but not limited to _documents_ showing the reasons that Frank Puglia left [former company]**

    3. **"Any formal or informal complaints made against Frank Puglia by any [former employer] employee or independent contractor.**

    4. **"Any formal or informal complaints of any kind made by Frank Puglia against [former employer].**

5. Defendant served this subpoena duces tecum upon Puglia's former employers: Hewlett-Packard Company, Tellabs North America, Inc., and Ericsson, Inc.

### III.    ARGUMENT AND AUTHORITIES

6. Plaintiff is a person affected by the subpoena, which is overly broad, unduly burdensome, and is not likely to lead to the discovery of admissible evidence. The subpoenas are a fishing expedition by Defendant and are invasive of Plaintiff's privacy rights. Plaintiff objects to the subpoenas duces tecum, attached hereto as Exhibit B, C and D, under Rule 45(c)(3)(B), and requests the Court enter an order quashing the subpoenas. Additionally, Plaintiff seeks protection from the annoyance, *embarrassment*, and oppression that production of the requested documents would cause, pursuant to Federal Rule of Civil Procedure 26(c).

7. The requested information is completely irrelevant to any claim or defense in this case and is unlikely to lead to the discovery of admissible evidence. The initial burden of proving evidence sought appears reasonably calculated to lead to the discovery of admissible evidence is the party seeking the discovery. *See Sanders v. Dalcraft LLC*, 2009 WL 1392602, at *1 (N.D.Tex. May 18, 2009) citing *E.E.O.C. v. Renaissance III Organization*, 2006 WL 832504 at *1 (N.D.Tex. Mar. 30, 2006). Defendants failed to confer with Plaintiff regarding these subpoenas, thus, the burden has not shifted and Plaintiff has not had the opportunity to show why discovery should not be permitted. *See Sanders v. Dalcraft LLC* at *1, citing *Spielberg Manufacturing, Inc. v. Hancock*, 2007 WL 4258246 at *1 (N.D.Tex. Dec. 3, 2007).

8. The relevance of the documents Defendants request is not based in any evidence and Plaintiff has not provided a basis for requesting the documents. "Without some evidence to suggest

that [Plaintiff] was disciplined by her former employers for conduct similar to the reasons proffered by [Defendants] for [his] termination, defendant is not entitled to these confidential employment records in hopes of uncovering some evidence that may possibly be used against plaintiff at trial." *See Sanders v. Dalcraft LLC* at *2. Defendants' subpoenas were served on the same day Defendant served Plaintiff with their First Request for Production of Documents and First Set of Interrogatories. Plaintiff's Answers to these requests are not due for approximately two weeks.

9. Defendants' requests also amount to no more than a fishing expedition, and the Court should prohibit Defendant from obtaining this discovery pursuant to Fed. R. Civ. P. 45(c)(3), Fed.R.Civ.P.33(b)(1). *See Sanders v. Dalcraft LLC* at *2 citing (*EEOC v. Renaissance III Organization,* 2006 WL 832504 (2006 N.D. Tex.))(court grants motion to quash when defendant subpoenas past employer for "all files, employment and/or personnel records, payroll and/or earning records, insurance records, worker's compensation records, correspondence, and any other tangible documents").

10. The Fifth Circuit considers the following factors to determine whether a subpoena presents an undue burden: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D.Tex. 1998).  In the present case, Defendant has failed to show a true need for the documents.  Defendant's request also lacks relevance and specificity as it fails to name explicit documents and state a definite time period.

11. Defendants ask for all documents contained in Plaintiff's "employment personnel file," excluding only Plaintiff's protected health information. The Defendants' subpoena serves to embarrass Plaintiff. Defendants seek to pry into plaintiff's affairs looking for dirt. Among the requests for information, for example, is "denials of credit, credit reports, credit scores." The Northern District has specifically held that this type of language is facially overbroad. "Undue burden can be found when a subpoena is facially overbroad." *Williams v. City of Dallas*, 178 F.R.D. 103, 110 (N.D.Tex. 1998).

12. Plaintiff respectfully requests an expedited ruling on this matter. Time is of the essence. Pursuant to Defendant's subpoenas, **Hewlett-Packard Company, Tellabs North America, Inc., and Ericsson, Inc.** must respond by February 20, 2012. Plaintiff requests a swift hearing on the merits of this Motion to preserve her privacy and other rights under the law.

### III.  CONCLUSION AND PRAYER

13.   WHEREFORE, because the information is irrelevant, Puglia prays that the Court set this matter for hearing as soon as possible and grant this Motion in its entirety, prohibiting Defendants from obtaining these records from current and former employers, and that the Court grant any additional relief that is appropriate.

Respectfully submitted,

> GILLESPIE, ROZEN & WATSKY P.C.
> 3402 Oak Grove Avenue, Suite 200
> Dallas, Texas 75204
> Phone: (214) 720-2009
> Fax:    (214) 720-2291
>
> By:    /s/ Hal K. Gillespie
> Hal K. Gillespie
> ATTORNEY-IN-CHARGE
> State Bar No. 07925500
> Adam S. Greenfield
> State Bar No. 24075494

**CERTIFICATE OF CONFERENCE**

  I called and spoke with opposing counsel Jonathan Rubenstein on February 17, 2012. I explained that I planned to file a Motion to Quash the subpoenas, opposing counsel opposed the motion on the basis that they were entitled to subpoena the information in question.

                /s/   Hal K. Gillespie
                Hal K. Gillespie

**CERTIFICATE OF SERVICE**

  This is the certify that on February 17, 2012, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following counsel for Defendant, ECF registrants.

                /s/   Adam S. Greenfield
                Adam S. Greenfield