# EXHIBIT B

# BAKER BOTTS L.L.P.

2001 ROSS AVENUE
DALLAS, TEXAS
75201-2980

TEL  +1 214.953.6500
FAX  +1 214.953.6503
www.bakerbotts.com

ABU DHABI
AUSTIN
BEIJING
**DALLAS**
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
WASHINGTON

February 6, 2012

Tyler M. Simpson
TEL  +1 214.953.6475
FAX  +1 214.661.4475
tyler.simpson@bakerbotts.com

**VIA FACSIMILE 972-583-1839**

Ericsson, Inc.
6300 Legacy Drive, Suite 100
Plano, Texas 75024

> Re:   *Frank C. Puglia v. Genband Holdings Company, Genband Management Services Corp., Genband US, LLC (f/k/a Genband Inc.)*; Case No. 3:11-cv-01418-N in the United States District Court for the Northern District of Texas, Dallas Division

Ladies and Gentlemen:

I represent the GENBAND defendants in the above-referenced employment discrimination lawsuit filed by Frank C. Puglia.

It is my understanding that Mr. Puglia worked at Ericsson, Inc. Consequently, I am enclosing a Subpoena for employment records pertaining to Frank C. Puglia.

Before incurring any expenses in the production of the documents, please call me to discuss your costs, as well as a plan for producing the documents to me.

Thank you for your assistance. Please call if you have any questions.

Regards,

Tyler M. Simpson

TMS/gsw

Enclosure

DAL01:1191778.1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS

**SUBPOENA IN A CIVIL CASE**

**PENDING IN THE**
**NORTHERN DISTRICT OF TEXAS**

FRANK C. PUGLIA
V.
GENBAND HOLDINGS COMPANY ET
AL.

Case Number:[1]   11-CV-01418

Ericsson, Inc.
6300 Legacy Drive, Suite 100
Plano, Texas 75024
Fax:  972.583.1839

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case on the topics set forth in:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

X   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date, and time specified below (list documents or objects):

**See Exhibit A attached hereto.**

| PLACE   Baker Botts L.L.P., 2001 Ross Avenue, Dallas, Texas 75201 | DATE AND TIME 2/20/2012 10:00 AM |
|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICERSS SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR **Attorney for Defendants** | DATE: 2/6/2012 |
|---|---|

ISSUING OFFICERSS NAME, ADDRESS AND PHONE NUMBER
Tyler M. Simpson, Baker Botts L.L.P., 2001 Ross Avenue, Dallas, TX  75201.  214.953.6475

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

DAL01:1189706.2

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the experts study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A"

## DOCUMENTS TO BE PRODUCED BY ERICSSON, INC.

**I.   DEFINITIONS**

The following words or phrases shall have the following meanings:

1.      "Documents" shall have the broadest possible meaning consistent with Federal Rule of Civil Procedure 34(a)(1), including but not limited to, letters, correspondence, memoranda, notes, notices, reports, statements, summaries, opinions, evaluations, work papers, transcripts, recordings (audio or video), specifications, manuals, guidelines, standards, agreements, ledgers, payment schedules, computer tapes, charge-off reports, late notices, lists, microfilm, microfiche, diskettes, applications, financial statements, denials of credit, credit reports, credit scores or any other electronic, photographic or mechanical recordings.

2.      "You" or "your" means Ericsson, Inc.

3.      "Ericsson, Inc." shall mean Ericsson, Inc., including its parents, subsidiaries, affiliates, branches, officers, agents, directors, employees, representatives, consultants, or counsel.

4.      "Frank Puglia" shall mean Frank C. Puglia, born in 1951.

**II.   DOCUMENTS TO BE PRODUCED**

You are directed to produce in the manner and at the time and location described in the subpoena to which this Exhibit "A" is attached the following documents or categories of documents:

1.      Frank Puglia's employment personnel file, including but not limited to documents pertaining to disciplinary action taken or considered by Ericsson against Frank Puglia.  GENBAND does not seek the production of Mr. Puglia's protected health information.

2.      All documents relating to Frank Puglia's separation from Ericsson, Inc., including but not limited to documents showing the reasons that Frank Puglia left Ericsson, Inc.

3.      Any formal or informal complaints made against Frank Puglia by any Ericsson employee or independent contractor.

4.      Any formal or informal complaints of any kind made by Frank Puglia against Ericsson, Inc.

DAL01:1189706.2