**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FRANK C. PUGLIA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 3:11-cv-01418-N** |
| | § | |
| **GENBAND HOLDINGS COMPANY, GENBAND MANAGEMENT SERVICES CORP., GENBAND US, LLC (f/k/a GENBAND INC.),** | § § § § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**MOTION TO QUASH AND FOR PROTECTIVE ORDER**

## I. INTRODUCTION

Contrary to Plaintiff's contentions, the subpoenas GENBAND served on three of Plaintiff's former employers—Hewlett-Packard Company, Tellabs North America, Inc. and Ericsson, Inc.—are far from fishing expeditions. In fact, each is narrowly-tailored, seeking only four categories of documents that may be found in Plaintiff's employment files. One of the non-discriminatory reasons GENBAND terminated Plaintiff was his inappropriate behavior in the workplace. GENBAND has reason to believe that Plaintiff was terminated by at least one of his prior employers for similar activity, and GENBAND is entitled to discover this information. Plaintiff's prior employment records are, thus, relevant to GENBAND's defenses in this lawsuit. For these reasons alone, Plaintiff's Motion should be denied.

In addition, this Court does not have jurisdiction to adjudicate Plaintiff's Motion with respect to the Ericsson subpoena because it was issued out of the Eastern District of Texas. A court in that jurisdiction must resolve these disputes with respect to Ericsson.

## II. BRIEF FACTUAL BACKGROUND

Plaintiff sued GENBAND under the Age Discrimination in Employment Act, alleging that GENBAND wrongfully terminated him based on his age. *See* Pl's Compl. ¶ 33. GENBAND strongly denies that any unlawful discrimination against Plaintiff occurred. To the contrary, GENBAND terminated Plaintiff on March 18, 2011 for legitimate, non-discriminatory business reasons completely unrelated to Plaintiff's age, namely: (1) he was viewed as a poor leader and manager by his peers and direct reports; (2) his attendance was poor, especially when his boss was out of the office; and (3) he was insubordinate to his boss. His peers and direct reports saw Plaintiff as poor leader and manager because, among many other reasons, he often made inappropriate comments, jokes, and gestures in the workplace, which made female GENBAND employees uncomfortable.

GENBAND has reason to believe Plaintiff's inappropriate workplace behavior did not begin at GENBAND but also took place in at least one of his previous jobs. Based on this belief, GENBAND issued subpoenas to Plaintiff's previous employers.[1] The subpoenas request only a narrow range of materials:

1. Plaintiff's employment personnel file, excluding protected health information;
2. Documents relating to Plaintiff's separation from the company;
3. Complaints made against Plaintiff by any company employee or independent contractor; and
4. Complaints made by Plaintiff against the company.

Claiming that the subpoenas are mere fishing expeditions, Plaintiff seeks to quash them.

[1] Hewlett-Packard Corporation has already responded to GENBAND's subpoena with a declaration dated February 10, 2012 stating that it had no responsive documents. GENBAND has produced the declaration to Plaintiff. Ericsson and Tellabs have yet to produce documents. Although it believes Plaintiff's Motion is unfounded, GENBAND has informed Ericsson and Tellabs of the Motion and requested that they not produce responsive documents until after the Court resolves the Motion.

*See* Pl.'s Mot. to Quash ¶ 6. Plaintiff also claims that the requests contained in the subpoenas are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. *Id.* As described below, this is not true.

## III. ARGUMENTS AND AUTHORITIES

This Court should deny Plaintiff's Motion for at least two, independent reasons: (1) the non-party subpoenas are not a fishing expedition but rather seek specific information that is relevant to one of GENBAND's non-discriminatory reasons for terminating Plaintiff—he made inappropriate comments, jokes, and gestures in the workplace, which made several female GENBAND employees uncomfortable; and (2) this Court lacks jurisdiction to quash the Ericsson subpoena.

### A. The subpoenas are far from a "fishing expedition" and do not subject Plaintiff to undue burden.

The non-party subpoenas are proper under Federal Rule of Civil Procedure 45 and do not impose an undue burden on Plaintiff. On a timely motion, the court issuing a subpoena may quash or modify the subpoena if it subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv). Plaintiff has not met his burden of demonstrating that "compliance with the subpoena would be unreasonable and oppressive." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (internal citations and quotations omitted). Whether a subpoena is reasonable is determined by the facts, such as "the party's need for the documents and the nature and importance of the litigation." *Id.* The Fifth Circuit considers a number of factors to determine if a subpoena imposes an undue burden: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.*

Here, all factors weigh in GENBAND's favor. First, the documents sought are relevant to one of GENBAND's non-discriminatory reasons for terminating Plaintiff—he made inappropriate comments, jokes, and gestures in the workplace, which made several female GENBAND employees uncomfortable—and will, along with other evidence, show the absence of pretext. GENBAND has reason to believe that Plaintiff was likely terminated from at least one prior employer for inappropriate behavior similar to the kind alleged by GENBAND in this case. The documents sought are also relevant for impeachment purposes should Plaintiff deny acting inappropriately at previous jobs in ways that are similar to his behavior at GENBAND. *See Guitron v. Wells Fargo Bank, N.A.*, No. 10-3461, 2011 WL 4345191, at *3 (N.D. Cal. Sept. 13, 2011) (permitting a subpoena to plaintiff's former employer for records because "the records could be relevant for impeachment purposes"); *Bolia v. Mercury Print Prods., Inc.*, No. 02-6510, 2004 WL 2526407, at **1-2 (W.D.N.Y. Oct. 28, 2004) ("parties may utilize discovery to obtain information for impeachment purposes").

Second, GENBAND needs the documents to test Plaintiff's testimony about the inappropriate behavior at GENBAND and previous jobs. GENBAND has no other way to obtain these records. Third, the requests are far from overbroad. They are narrowly-tailored and seek only four particular types of documents—documents related to disciplinary actions taken against Plaintiff, the reasons for his termination, and any complaints made against Plaintiff by any employee or contractor or by Plaintiff against the company. This is not a fishing expedition. Fourth, the time period covered by the request is implicitly narrow. GENBAND only seeks documents related to Plaintiff's employment, a finite period of time. When GENBAND issued the subpoenas, it did not know the exact dates that Plaintiff worked at his previous jobs, which is why it did not specify a precise time frame. Plaintiff and his former employers know when he

was employed and, thus, will not be unduly burdened by the absence of a specific time frame. Indeed, none of the third parties have lodged such a complaint.

Finally, the burden imposed on Plaintiff is minimal here. Plaintiff claims that the subpoenas impose undue burden on him because they invade his privacy rights by seeking information that is "of a highly personal nature." Pl.'s Mot. to Quash at Overview and ¶ 6. But Plaintiff's privacy interest in his prior employment records is "vastly reduced" because he initiated the lawsuit. *Guitron*, 2011 WL 4345191, at *2; *Sirota v. Penske Truck Leasing Corp.*, No. 05-3296, 2006 WL 708910, at *2 (N.D. Cal. Mar. 17, 2006). Additionally, in his employment application, Plaintiff gave GENBAND permission to contact his previous employers, "further reducing his privacy interest." *Sirota*, 2006 WL 708910, at *2. GENBAND's need for the documents outweighs the minimal burden imposed on Plaintiff.

Plaintiff relies heavily on *Sanders v. Dalcraft, LLC*, No. 09-307, 2009 WL 1392602 (N.D. Tex. May 18, 2009). In *Sanders*, the defendant-employer issued four deposition notices to the plaintiff-employee's former and current employers. *Id.* at *1. In addition to depositions by written questions, the notices sought a broad range of employment documents, including

> any and all personnel records, applications for employment, records relating to days absent and/or time lost, correspondence and/or memoranda, records relating to reviews and/or promotions, workers' compensation records and/or claims, pre-employment physical(s), post-employment physical(s), post-offer physical(s), [and] medical records.

*Id.* Plaintiff sought to quash the notices. *Id.* Prior to the hearing, both parties agreed to allow production of (1) the dates of employment, (2) earnings information, and (3) attendance records. *Id.* at *1 n.1. The defendant argued that it was entitled to all of the requested records (1) to verify the information in plaintiff's application for employment with defendant for a possible after-acquired evidence defense and (2) because the documents might show performance issues similar to those relied upon by defendant to justify the termination. *Id.* at *2. The court rejected

both reasons and held that the notices were mere fishing expeditions because there was no indication that plaintiff made false or misleading statements in her employment application and defendant had no reason to believe that plaintiff's former employers disciplined her for conduct similar to the kind offered by defendant to justify her termination. *Id.*

Aside from it not being binding authority, *Sanders* is distinguishable on at least three grounds. First, GENBAND is not conducting a "fishing expedition," but rather, has reason to believe that Plaintiff was terminated by at least one prior employer for reasons similar to those alleged by GENBAND in this case. In *Sanders*, the employer-defendant had no reason to believe the documents would show that the employee-plaintiff was disciplined by her former employers for conduct similar to the non-discriminatory reasons given by the employer-defendant. *Id.* Had the defendant supplied such a reasonable belief, the *Sanders* court said it might have been willing to allow discovery into the employment records. *Id.* ("Although the court might be inclined to allow the discovery of prior employment records showing that plaintiff was disciplined for adding tips for herself to customer bar tabs—the reason given by defendant for terminating plaintiff—the deposition notices to plaintiff's former employers are not so limited. Without some evidence to suggest that plaintiff was disciplined by her former employers for conduct similar to the reasons proffered by defendant for her terminated, defendant is not entitled to these confidential employment records ...."). Second, the *Sanders* court held that the documents were not relevant to an after-acquired evidence defense. *Id.* GENBAND has not asserted an after-acquired evidence defense here. Instead, Plaintiff's employment records here are directly relevant to one of GENBAND's non-discriminatory reasons for terminating Plaintiff. Third, GENBAND's requests are narrower than the requests in *Sanders* and purposefully exclude irrelevant, confidential information like medical records. The

*Sanders* case is inapposite here.

**B. This Court lacks jurisdiction over the Ericsson subpoena.**

In any event, this Court lacks jurisdiction to quash the Ericsson subpoena or grant a protective order because the subpoena was issued out of the Eastern District of Texas, not the Northern District of Texas. Pl.'s Mot. to Quash, Ex. B. Federal Rule of Civil Procedure 45(c)(3) gives the "issuing court" the power to quash the subpoena. In fact, the issuing court has exclusive jurisdiction—even if the underlying case is not pending in that court. *See, e.g., In re: Clients & Former Clients of Baron & Budd, P.C.*, 478 F.3d 670, 671 (5th Cir. 2007) ("If a subpoena is issued by a district court other than the one in which the case is pending … the proper court in which to file a motion to quash or modify the subpoena is the issuing court, not the court in which the action is pending"); *Hous. Bus. Journal, Inc. v. Office of Comptroller*, 86 F.3d 1208, 1212 (D.C. Cir. 1996) ("Any motion to quash or modify a subpoena … is decided by the issuing court, not the court before which the underlying action is pending"); *Limon v. Berryco Barge Lines, L.L.C.*, No. 07-274, 2009 WL 1347363, at *1 (S.D. Tex. May 13, 2009) ("Rule 45 allocates authority over subpoenas to the court for the district from which they are issued"); *Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, No. 07-191, 2008 WL 2944671, at *3 (E.D. Tex. July 25, 2008) ("Numerous courts have acknowledged that subpoenas issued under Federal Rule of Civil Procedure 45 constitute process of the issuing court, and are enforced by that same court"). Thus, only the Eastern District of Texas has the power to quash the Ericsson subpoena. *Id.*

Similarly, Plaintiff cannot seek a motion for protective order in this Court with respect to the Ericsson subpoena. Despite Federal Rule of Civil Procedure 26(c)'s language, which permits a party to move for a protective order "in the court where the action is pending," Courts have

held that a party objecting to a subpoena must seek a protective order in the court where the subpoena was issued. *See, e.g., Ass'n of Am. Physicians & Surgeons, Inc.*, 2008 WL 2944671, at *3 (denying a motion to quash and for protective order because the text of Rule 45 suggests that only the issuing court has the power to act on its subpoenas); *Chick-Fil-A v. ExxonMobil Corp.*, No. 08-61422, 2009 WL 2242392, at *1 n.2 (S.D. Fla. July 24, 2009) (same); *but see Wells v. GC Servs. LP*, No. 06-3511, 2007 WL 1068222, at *1 (N.D. Cal. Apr. 10, 2007) (holding that Rule 26(c) permits a party to seek a protective order in the underlying court irrespective of where the subpoena was issued). To hold otherwise would defeat the plain text of Rule 45(c)(3). *See Chick-Fil-A*, 2009 WL 2242392, at *1 n.2. The Eastern District of Texas—not this Court—has jurisdiction over the Ericsson subpoena. Consequently, as it relates to the Ericsson subpoena, the Court does not have the power to adjudicate the issues in Plaintiff's Motion.

## IV. CONCLUSION

Far from being a "fishing expedition," the properly-issued subpoenas to Plaintiff's former employers seek specific documents relevant to GENBAND's defenses and do not subject Plaintiff to undue burden. GENBAND has reason to believe the materials contained in Plaintiff's former employment records will aid GENBAND in supporting one of the non-discriminatory reasons for terminating Plaintiff. Plaintiff's Motion should, therefore, be denied.

Dated: March 9, 2012

Respectfully submitted,

BAKER BOTTS L.L.P.

By: s/ Tyler M. Simpson
Jennifer Trulock
State Bar No. 90001515
Jonathan Rubenstein
State Bar No. 24037403
Tyler M. Simpson
State Bar No. 24066091
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201-2981
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

**ATTORNEYS FOR DEFENDANTS GENBAND HOLDINGS COMPANY, GENBAND MANAGEMENT SERVICES CORP., AND GENBAND US, LLC**

## CERTIFICATE OF SERVICE

I certify that on this 9th day of March 2012, I served a true and correct copy of the foregoing document via certified mail return receipt requested on counsel for Plaintiff as follows:

Hal K. Gillespie
Adam S. Greenfield
agreenfield@grwlawfirm.com
GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204

s/ Tyler M. Simpson
Tyler M. Simpson