**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FRANK C. PUGLIA,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:11-CV-01418-N** |
| **GENBAND HOLDINGS COMPANY,** | § | **ECF** |
| *et al.,* | § | |
| *Defendants*. | § | |
| | § | |

**PLAINTIFF'S REPLY REGARDING PLAINTIFF'S MOTION TO QUASH DEFENDANT'S SUBPOENAS TO PLAINTIFF'S FORMER EMPLOYERS AND FOR PROTECTIVE ORDER**

TO THE HONORABLE DAVID C. GODBEY:

## I. INTRODUCTION

In this age discrimination case, Defendants filed a Notice of Service of Subpoenas on Plaintiff, absent conference with Plaintiff, seeking employment records from Plaintiff's past employers, namely: Hewlett-Packard Company, Tellabs North America, Inc., and Ericsson, Inc. This Court has jurisdiction to adjudicate Plaintiff's Motion, including the Ericsson subpoena, pursuant to Rule 45(c)(3)(B) and Rule 26(c). Defendants are using these invasive subpoenas for their fishing expedition.

Defendants state they are entitled to Plaintiff's past employment records by suggesting, **summarily and without evidence**, that they have reason to believe Plaintiff was terminated from his former employers for similar activities (not dealing with Plaintiff's truthfulness). The Fifth Circuit has deemed such discovery requests without evidence to be irrelevant. In addition to being irrelevant, Defendants' requests fall outside of the scope of proper discovery because they are not reasonably calculated to lead to the discovery of admissible evidence. Defendants' fishing expedition seeks to catch inadmissible character evidence under Rule 404(a) and (b).

Moreover, Defendants' subpoenas are impermissibly broad and are in no way narrowly tailored. Defendant's subpoenas literally go so far as to seek out Plaintiff's credit history.

## II. ARGUMENTS AND AUTHORITIES

The Fifth Circuit considers the following factors to determine whether a subpoena presents an undue burden: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.  *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D.Tex. 1998). Defendants' requests are irrelevant, overly broad and unduly burdensome. Further, they are unspecific as they fail to name explicit documents or state a definite time period. Finally, Defendant has failed to show a true need for the documents.

### A. DEFENDANTS' SUBPOENAS ARE IRRELEVANT AND NOT REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE

Defendants fail the first and most important prong of whether or not their subpoena requests present an undue burden -- relevance. The relevance of the documents Defendants request must be based in evidence, which Defendants lack, and to which Plaintiff has not provided a basis.[1] *See Sanders v. Dalcraft LLC*, 2009 WL 1392602, at *2 (N.D.Tex. May 18, 2009). In the case *United States v. Bankston*[2], the Fifth Circuit decided that parties are "not entitled to discovery when [their] request is supported only by speculation as to what [they] might find." Defendants provide no evidence to support their request, only making the

---

[1] Defendants unwittingly concede their lack of evidence and their purpose of conducting a fishing expedition.  They say "GENBAND needs the documents **to test** Plaintiff's testimony . . . ."  Defendants' Response, p. 4 (emphasis added).

[2] *United States v. Bankston*, 31 Fed.Appx. 160, (5th Cir. 2001), citing *Murphy v. Johnson,* 205 F.3d 809, 814 (5th Cir. 2000) (stating that allegations supporting a need for discovery "must be specific, as opposed to merely speculative or conclusory")

conclusory statement that they have "reason to believe that Plaintiff was likely terminated … for behavior similar to the kind alleged by [Defendants] in this case."[3] Defendants' subpoena requests are improper fishing expeditions as the Defendants base their requests upon conclusory statements and speculation.

Additionally, Defendants' inquiries fall outside of the scope of discovery because they are not reasonably calculated to lead to the discovery of admissible evidence. Puglia alleges that Defendants violated the ADEA by terminating him because of his age. His employment relationship with past employers has no bearing on these claims, or on Defendants' defenses (particularly because defendant has not asserted a need based on an after-acquired evidence defense). Defendants' **only** stated reason for the discovery request is that they have "reason to believe that Plaintiff was likely terminated … for behavior similar to the kind alleged by [Defendants] in this case." *See* Def's Resp. to Mot. to Quash p. 4. Based on this reasoning, Defendants' only possible reason to seek Plaintiff's past employment records (other than harassment and embarrassment) is an impermissible attempt to attack Plaintiff's character. *See* Fed. R. Evid. 404(a) ("Evidence of a person's character or character trait is not admissible for the purpose of proving action in conformity therewith."); Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith."). The evidence sought by Defendants subpoenas fall outside of the scope of Rule 26(b)(1) because they seek impermissible character evidence that is not reasonably calculated to lead to the discovery of admissible evidence.

---

[3] Interestingly, the case Defendants cite regarding privacy issues states, "Requested discovery is not relevant to the subject matter involved in a pending action if the inquiry is only based on the requesting party's mere suspicion or speculation. *Sirota v. Penske Truck Leasing Corp.,* No. 05-3296, 2006 WL 708910, at *1, citing *Micro Motion, Inc. v. Kane Steel Co., Inc.,* 894 F.2d 1318, 1324 (Fed.Cir.1990).

Defendants cite non-binding authority,[4] that the subpoenaed documents are relevant for impeachment purposes. However, in *Russell v. Young*, 452 S.W.2d 434, 437 (Tex.1970), the Supreme Court of Texas held that pretrial discovery sought only for impeachment purposes should not be allowed. In addition to the finding in *Russell*, Defendants are essentially putting the cart before the horse. Plaintiff has not been deposed and has not given the Defendants any basis for seeking past employment files for impeachment purposes.[5] Defendants' cases, *Guitron* and *Bolia,* specifically distinguish themselves from the case at bar in that regard. In both cases, the discovery sought by the parties for impeachment purposes came after the deponent had given testimony. In *Bolia*, the party was seeking additional discovery because the deponent's testimony conflicted with information that had been previously discovered by the party. In addition to discovery not being allowed solely for impeachment purposes, Defendants' claims are not ripe for decision as Plaintiff has not been deposed or given any basis for seeking past employment files for impeachment purposes. Therefore, the requests are unduly burdensome.

**B. DEFENDANTS' SUBPOENAS SEEK PAST EMPLOYMENT DOCUMENTS, DEFINED WITH THE "BROADEST POSSIBLE MEANING," AND ARE THEREFORE OVERLY BROAD AND VIOLATIVE OF PLAINTIFF'S PRIVACY RIGHTS**

In response to Plaintiff's argument and authorities that Defendants' subpoenas are overly broad and invasive of Plaintiff's privacy rights, Defendants' response states: (1) each subpoena is narrowly tailored, seeking only four categories of documents that may be found in Plaintiff's employment files. *See* Def's Resp. to Mot. to Quash p. 1, 2 and 4; (2) each subpoena is limited to a finite period of time, Plaintiff's employment. *See* Def's Resp. to Mot. to Quash p. 4; and (3) since Plaintiff has filed a lawsuit and previously gave Defendants' permission to contact his

---

[4] *Guitron v. Wells Fargo Bank, N.A.*, No. 10-3461, 2011 WL 4345191 at*3 (N.D. Cal. Sept. 13, 2011); and *Bolia v. Mercury Print Prods., Inc.*, No. 02-6510, 2004 WL 2526407 at **1-2 (W.D.N.Y. Oct. 28, 2004)
[5] *See Blyther v. Northern Lines, Inc.,* 61 F.R.D. 610 (E.D.Pa.1973) (the court required that the party to be impeached commit to his position through deposition before the impeachment evidence must be produced.)

previous employers, he has a diminished right to privacy. *See* Def's Resp. to Mot. to Quash p. 5. In addition to being irrelevant, Defendants' subpoenas do not meet the rest of the *Wiwa* factors, and are therefore unduly burdensome.

### 1) Defendants' Subpoenas are NOT Narrowly Tailored to Four Categories of Documents

On first glance, Defendants' subpoenas may appear to request four categories of **"documents"** that may be found in Plaintiff's employment records. However, the term **"Documents,"** as defined in Defendants' subpoenas, expands Defendants' requests into the realm of undue burden. Defendants' subpoenas request all "documents" contained in Plaintiff's "employment personnel file," excluding only Plaintiff's protected health information. Defendants' definition section defines "documents" to include, amongst other irrelevant documents, invasive documents such as "denials of credit, credit reports, [and] credit scores." The Defendants' subpoenas serve to embarrass Plaintiff.  Defendants seek to pry into plaintiff's affairs looking for dirt. The Northern District has specifically held that this type of language is facially overbroad. "Undue burden can be found when a subpoena is facially overbroad." *Williams v. City of Dallas*, 178 F.R.D. 103, 110 (N.D.Tex. 1998).

### 2) Defendant's Subpoenas are NOT Limited to a Definite Time Period

As further evidence that Defendants' subpoenas are part of an overly broad fishing expedition, Defendants' requests do not define a time period for which to produce employment records. Defendants do not state a time period because they readily admit that they "don't know the exact dates that Plaintiff worked at his previous jobs." *See* Def's Resp. to Mot. to Quash p. 4. Defendants summarily claim that they have reason to believe Plaintiff acted in a similar manner at past employers, yet they provided no evidence of when Plaintiff worked at the entities to which the Defendants have issued their subpoenas for records.

### 3) Defendants' Subpoenas violate Plaintiff's Privacy Rights

The Supreme Court case *Whalen v. Roe*, 429 U.S. 589, 598–600, 97 S.Ct. 869, 875–77, 51 L.Ed.2d 64 (1977), provides for a general area of "right of privacy" which protects the rights of individuals to prevent unlimited disclosure of personal information. Defendants request exactly what *Whalen* protects against. Defendants ask for all documents contained in Plaintiff's "employment personnel file," excluding only Plaintiff's protected health information. The Defendants' subpoena serves to embarrass Plaintiff and pry into plaintiff's affairs looking for dirt. Among the requests for information, for example, is "denials of credit, credit reports, credit scores." The Northern District has specifically held that this type of language is facially overbroad. "Undue burden can be found when a subpoena is facially overbroad." *Williams v. City of Dallas*, 178 F.R.D. 103, 110 (N.D. Tex. 1998).

Defendants' brief claims, through non-binding California law, that their subpoenas do not create an undue burden on Plaintiff's privacy rights because Plaintiff has filed a lawsuit and had previously given Defendants permission to contact his former employer via his employment application. Defendants' past permission to contact Plaintiff's past employers actually bolsters Plaintiff's argument that Defendants are on a fishing expedition. If Defendant truly had "reason to believe" that Plaintiff had acted inappropriately at a previous employer, this information would have almost certainly been revealed during Plaintiff's background check. Regardless of any background investigation of Plaintiff's past employers, Defendants still provide no evidence for which they base their request for documents.

### C. THIS COURT HAS JURISDICTION TO ADJUDICATE PLAINTIFF'S MOTION, INCLUDING THE ERICSSON SUBPOENA, PURSUANT TO RULE 45(C)(3)(B) AND RULE 26(C)

Defendants pose no issue with this Court adjudicating the Plaintiff's Motion in regard to the subpoenas of Hewlett-Packard Company and Tellabs North America, Inc. Defendants assert

that this Court lacks jurisdiction to quash the subpoena of Ericsson, Inc. because the subpoena was issued out of the Eastern District of Texas. This Court has jurisdiction to adjudicate Plaintiff's Motion, including the Ericsson subpoena, pursuant to Rule 45(c)(3)(B) and Rule 26(c).

As Defendants do not refute this Court's jurisdiction in regard to Hewlett-Packard and Tellabs North America, Inc., Plaintiff will solely address this Court's ability to adjudicate the Ericsson subpoena. While Defendants attempt to narrow the courts jurisdictional purview by only discussing Rule 45, Rule 26(c) holds that a party may move for a protective order in the court where the case is pending in lieu of moving to quash the subpoena in the court that issued it. ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—") Plaintiff's initial motion on this matter seeks both a motion to quash and **protective order**. *See* ECF Doc. 11 – "Plaintiff's Motion to Quash and for **Protective Order**, Request for Expedited Hearing, and Supporting Brief." Further, in *Landry v. Air Line Pilots Ass'n Intern. AFL-CIO,* 901 F.2d. 404, (5th Cir. 1990), *cert. denied,* 498 U.S. 895, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990), the Fifth Circuit found that "Upon motion by a party or by the person from whom discovery is sought, and for good cause shown," a district court is authorized to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. F.R.Civ.P.26(c)." Defendants cite no authority within the District to refute this point. Defendants' response brief actually provides Plaintiff support from the Northern District of California[6], that Rule 26(c) permits a party to seek a protective order in the underlying court irrespective of where the subpoena was issued. *See also: Eon Corp. IP Holdings, LLC v. Sensus USA Inc.*, 2010 WL 346218, (E.D. Tex. 2010); *Orbit One Communications, Inc. v. Numerex Corp.*, 255 F.R.D. 98,

---

[6] *Wells v. GC Servs. LP*, No. 06-3511, 2007 WL 1068222 at *1 (N.D. Cal. Apr. 10, 2007).

109 (S.D. N.Y. 2008); *Lefkoe v. Jos. A. Bank Clothiers, Inc.,* 577 F.3d 240, 246 (4th Cir. 2009)(holding that a party may seek discovery protection from either 26(c) or 45(c)).

Defendants' assertion that this Court lacks jurisdiction to quash the Ericsson subpoena and/or issue a protective order is more than incorrect. The assertion is evidence of Defendants' true agenda – to engage in oppressive discovery. The proper course for Defendant in response to Plaintiff's motion to quash was to withdraw the subpoenas – not to fight on regardless of the law and to assert that Plaintiff should bifurcate his effort to obtain protection against improper discovery between the Northern and Eastern Districts of Texas. In an effort to prevent undue expense on the parties, preserve judicial resources, achieve justice, and alleviate the jurisdictional argument propounded by opposing counsel, Plaintiff requests the court to treat their Motion to Quash and for Protective Order as seeking a Protective Order regarding the Ericsson subpoena.

### III. CONCLUSION

WHEREFORE, because the information is irrelevant and unduly burdensome, Puglia prays that the Court set this matter for hearing as soon as possible and grant this Motion in its entirety, prohibiting Defendants from obtaining these records from former employers, and that the Court grant any additional relief that is appropriate.

Respectfully submitted,

GILLESPIE, ROZEN & WATSKY P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Phone: (214) 720-2009
Fax:    (214) 720-2291

By:    /s/ Hal K. Gillespie
Hal K. Gillespie
ATTORNEY-IN-CHARGE
State Bar No. 07925500
Adam S. Greenfield
State Bar No. 24075494

## CERTIFICATE OF CONFERENCE

I called and spoke with opposing counsel Jonathan Rubenstein on February 17, 2012.  I explained that I planned to file a Motion to Quash the subpoenas, opposing counsel opposed the motion on the basis that they were entitled to subpoena the information in question.

_/s/     Hal K. Gillespie_____
Hal K. Gillespie

## CERTIFICATE OF SERVICE

This is the certify that on March 22, 2012, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following counsel for Defendant, ECF registrants.

_/s/   Adam S. Greenfield_____
Adam S. Greenfield