IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK C. PUGLIA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:11-cv-01418-N |
| GENBAND HOLDINGS COMPANY, GENBAND MANAGEMENT SERVICES CORP., GENBAND US, LLC (f/k/a GENBAND INC.), | § § § § § § | |
| Defendants. | § § | |

**DEFENDANTS GENBAND HOLDINGS COMPANY, GENBAND MANAGEMENT SERVICES CORP., AND GENBAND US, LLC'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants GENBAND Holdings Company, GENBAND Management Services Corp., and GENBAND US, LLC (collectively "GENBAND" or "Defendants") file their Amended Answer and Affirmative Defenses to Plaintiff's Complaint, as follows:

## ANSWER

GENBAND makes no response to the section headings or the introductory paragraph contained on page 1 of the Complaint. To the extent a response is necessary, the allegations in the headings and the introductory paragraph are denied.

## JURISDICTION AND VENUE

1. GENBAND admits that this court has subject matter jurisdiction over Plaintiff's claims and that Plaintiff purports to bring the asserted claims but denies that his claims have any merit.

2. GENBAND admits that venue is proper in this Court but denies that any unlawful employment practices or other activity occurred.

## PARTIES

3. GENBAND admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. GENBAND admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. GENBAND Management Services Corp. admits that it is a Delaware corporation. For purposes of this Complaint only, GENBAND Management Services Corp. admits that it has agreed to accept service of process through its lawyers at Baker Botts. GENBAND Management Services Corp. denies the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6. GENBAND Holdings Company admits that is a Cayman Island exempted company limited by shares. For purposes of this Complaint only, GENBAND Holdings Company admits that it has agreed to accept service of process through its lawyers at Baker Botts. GENBAND Holdings Company denies the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

7. GENBAND admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. GENBAND Management Services Corp. and GENBAND US, LLC admit that they are "employers" under 29 U.S.C. § 630(b) and TEX. LAB. CODE § 21.002(8). GENBAND Holdings Company denies that it meets the definition of "employer" under 29 U.S.C. § 630(b) and TEX. LAB. CODE § 21.002(8).

9. GENBAND admits the facts alleged in the first and second sentences of paragraph 9. GENBAND admits that Plaintiff began working for GENBAND in February 2008 and was terminated on March 18, 2011. GENBAND denies Plaintiff's characterization of his service

while employed with GENBAND and any remaining factual allegations contained in paragraph 9 of Plaintiff's Complaint.

10. GENBAND admits that Plaintiff began his employment with GENBAND as a Senior Director of Corporate Marketing and Communication. GENBAND denies the remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

11. GENBAND denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. GENBAND admits that Plaintiff was made an Equity Partner of the Company on or around October 28, 2010. GENBAND denies the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13. GENBAND denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. GENBAND denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. GENBAND denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. GENBAND admits that Plaintiff received a performance review for 2008 that included the word "outstanding." GENBAND denies the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

17. GENBAND admits that Plaintiff wished to be promoted to a Vice President. GENBAND denies the remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18. GENBAND denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. GENBAND denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. GENBAND admits that Mehmet Balos received a loan of $1,000 from Plaintiff on or about July 22, 2009. GENBAND denies the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21. GENBAND admits that Mehmet Balos and Plaintiff entered into several small loan agreements totaling approximately $13,000 from March 2008 to February 2011. GENBAND denies the remaining allegations contained in paragraph 21 of Plaintiff's Complaint.

22. GENBAND is currently without knowledge or sufficient information to admit or deny the allegations contained in paragraph 22 of Plaintiff's Complaint. If obligated to either admit or deny at this time, GENBAND denies the allegations contained in paragraph 22.

23. GENBAND admits that Plaintiff was partially responsible for an analyst and media meeting for GENBAND in September 2010. GENBAND denies the remaining allegations contained in paragraph 23 of Plaintiff's Complaint.

24. GENBAND admits that Plaintiff was partially responsible for GENBAND's Annual Sales Meeting in January 2011. GENBAND denies the facts alleged in the second and fourth sentences of paragraph 24. GENBAND is without knowledge or sufficient information to admit or deny the facts alleged in the third, fifth, sixth, and seventh sentences of paragraph 24. If obligated to either admit or deny the facts alleged in the third, fifth, sixth, and seventh sentences of paragraph 24 at this time, GENBAND denies those allegations. GENBAND admits that the President's Circle trip is an annual trip for sales employees who perform at a pre-determined level above target. A few individuals outside of the sales organization are also chosen to attend. GENBAND denies the remaining allegations contained in paragraph 24.

25. GENBAND denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. GENBAND admits that it terminated Plaintiff on March 18, 2011. GENBAND admits that Mehmet Balos and Sean Huurman were present at the time of termination. GENBAND denies the remaining allegations contained in paragraph 26 of Plaintiff's Complaint.

27. GENBAND admits the third sentence of paragraph 27. GENBAND denies the remaining allegations contained in paragraph 27 of Plaintiff's Complaint.

28. GENBAND admits that it provided Plaintiff with a separation agreement at the end of the meeting. GENBAND admits that the agreement contained a provision that offered Plaintiff severance in exchange for waiving certain rights to pursue a lawsuit against GENBAND. GENBAND denies any remaining allegations contained in paragraph 28 of Plaintiff's Complaint.

29. GENBAND denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. GENBAND admits the allegations contained in paragraph 30 of Plaintiff's Complaint.

## CAUSES OF ACTION

31. GENBAND incorporates by reference all previous paragraphs as if fully stated herein.

32. GENBAND is not obligated to respond to the allegations contained in paragraph 32 of Plaintiff's Complaint because they are legal conclusions. To the extent a response is necessary, the allegations in paragraph 32 are denied

33. GENBAND denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. GENBAND denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. GENBAND denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. GENBAND denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

## PRAYER

   GENBAND admits that Plaintiff seeks a bench trial. GENBAND denies that Plaintiff is entitled to the damages sought in his Prayer or any recovery for any of the claims in his Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to take necessary and appropriate steps to mitigate his damages, if any, which bars or limits his recovery in this matter.

2. Plaintiff has not alleged any conduct that would constitute, and cannot establish, a willful violation of the Age Discrimination in Employment Act ("ADEA") that would entitled him to liquidate damages.

3. The conduct about which Plaintiff complains was not motivated by malice nor was it the result of reckless indifference to any protected rights of Plaintiff.  To the contrary, GENBAND's actions were based upon reasonable, legitimate non-discriminatory business considerations and were taken in good faith.

4. All actions taken by GENBAND with respect to Plaintiff of which Plaintiff complains in this matter were taken based on reasonable factors other than age.

5. GENBAND affirmatively asserts that Plaintiff's claims, if any, arising out of events occurring more than 300 days prior to the filing of a charge with the Equal Employment Opportunity Commission, or which exceed the scope of the charge, are barred by 29 U.S.C. § 626(d)(2).

6. Any and all damages claimed by Plaintiff, whether punitive, compensatory, liquidated, actual, attorneys' fees, or otherwise, are subject to all statutory exclusions and limitations applicable to claims under the ADEA.

7. GENBAND does not believe that it is liable to Plaintiff for any amount of damages.  If, however, the Court rules otherwise, GENBAND is entitled to offset any money earned by Plaintiff or unemployment benefits received by Plaintiff since March 18, 2011.

8. If applicable, GENBAND asserts the defense of election of remedies.

9. Plaintiff's claims are barred under the doctrine of waiver, estoppel, and/or unclean hands.

10. GENBAND affirmatively asserts that any injuries or losses allegedly suffered by Plaintiff were not caused by GENBAND. Rather, such injuries or losses were caused by Plaintiff or by a third party or person outside of GENBAND's control.

11. GENBAND alleges that investigation and discovery may reveal additional affirmative defenses. GENBAND reserves the right to amend the Answer to add them.

## REQUEST FOR RELIEF

Defendants pray that the Court enter such orders as are necessary to grant judgment in favor of Defendants against Plaintiff on all claims and causes of action asserted by Plaintiff and that Plaintiff take nothing from Defendants by this suit, and that the Court award Defendants all costs, including attorneys' fees, together with such other and further relief to which they may be entitled.

Dated: April 13, 2012                           Respectfully submitted,

                                                            BAKER BOTTS L.L.P.

                                                            By:   /s Tyler M. Simpson
                                                                    Jennifer Trulock
                                                                    State Bar No. 90001515
                                                                    Jonathan Rubenstein
                                                                    State Bar No. 24037403
                                                                    Tyler M. Simpson
                                                                    State Bar No. 24066091
                                                                    BAKER BOTTS L.L.P.
                                                                    2001 Ross Avenue
                                                                    Dallas, Texas 75201-2981
                                                                    Telephone: (214) 953-6500
                                                                    Facsimile: (214) 953-6503

                                                           ATTORNEYS FOR DEFENDANTS
                                                           GENBAND HOLDINGS COMPANY,
                                                           GENBAND MANAGEMENT SERVICES
                                                           CORP., AND GENBAND US, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2012, I electronically filed the preceding document on behalf of GENBAND Holding Company, GENBAND Management Services Corp. and GENBAND US, LLC with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Hal K. Gillespie
State Bar. No. 07925500
Adam S. Greenfield
State Bar No. 24075494
GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas  75204
Phone (214) 720-2009
Fax:  (214) 720-2291

**COUNSEL FOR PLAINTIFF**

/s Tyler M. Simpson
Tyler M. Simpson