IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK C. PUGLIA,<br>　　　*Plaintiff*, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 3:11-CV-1418-N |
| GENBAND HOLDINGS COMPANY,<br>*et al.*,<br>　　　*Defendants*. | §<br>§<br>§<br>§<br>§ | |

## PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO AMEND HIS ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE DAVID C. GODBEY:

Plaintiff Frank C. Puglia requests leave to amend his *Original Complaint* to assert a companion discrimination claim under the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE §21.001 *et seq*. Plaintiff respectfully states as follows in support of this request:

### I.   INTRODUCTION

Puglia seeks leave to amend his complaint and attaches a proposed *First Amended Complaint* as Exhibit A to this motion. At the time that he filed this lawsuit on June 28, 2011, Plaintiff had not yet met the jurisdictional requirements to file suit under the TCHRA. Since that time, Puglia has met the jurisdictional requirements under the TCHRA and now wishes to assert state and federal age discrimination claims.

Amendment is proper because adding the state age discrimination claim will cause neither undue delay nor prejudice to Genband Holdings Company et al, and Puglia is not requesting amendment out of bad faith or dilatory motive. This request is timely under the

Court's October 17, 2011 Order which established April 16, 2011 as the deadline to amend pleadings. Defendant opposes Plaintiff's request to file.

### III.   ARGUMENTS AND AUTHORITIES

The decision whether to grant or deny leave to amend is within the Court's discretion.[1] That discretion is not without limitation, however, as Federal Rule of Civil Procedure ("FRCP") 15(a) instructs that leave should be "freely given when justice so requires."[2] Thus, the rule "evinces a bias in favor of granting leave to amend."[3]

FRCP 15(a) complements one of the underlying policies of the Federal Rules of Civil Procedure—namely, that pleadings are a means of facilitating a decision on the merits rather than on mere technicalities.[4] Put differently, the Federal Rules' bias in favor of liberal amendment promotes substance over form in federal litigation. Thus, FRCP 15(a) provides for a liberal amendment policy, which is limited principally by considerations of judicial economy and fairness to the non-movant.[5]

Courts should permit parties to amend their pleadings unless a substantial reason militates against it.[6] Leave to amend may be denied, for example, where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment."[7] Other factors include judicial economy and expedition in disposing of the merits.[8] In the absence of

---

[1] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[2] FED. R. CIV. P. 15(a); *see also Rosenzweig, et al. v. Azurix Corp., et al.*, 332 F.3d 854, 863 (5th Cir. 2003).
[3] *Rozenzweig*, 332 F.3d at 863 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)(internal references and punctuation omitted)).
[4] *See Foman*, 371 U.S. at 182; *Dussouy*, 660 F.2d at 598; *see also* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1473.
[5] *See Nance v. Gulf Oil Corp.*, 817 F.2d 1176, 1180 (5th Cir. 1987).
[6] *Rosenzweig*, 332 F.3d at 864.
[7] *Foman*, 371 U.S. at 182.
[8] *Dussouy*, 660 F.2d at 598.

countervailing considerations, and where undue prejudice will not result to the non-movant, courts should freely grant leave to amend pleadings.[9]

None of the factors that militate against granting leave exist here. This motion is neither improper nor dilatory. Rather, it is Puglia's attempt to assert rights afforded by Texas law in the same lawsuit where related federal claims will be decided based on the same or substantially similar facts as those involved in his ADEA claims. Meanwhile, Defendant will not be prejudiced as evidenced by its lack of opposition.

### III.   CONCLUSION AND PRAYER

Puglia respectfully requests leave to amend his complaint in order to assert discrimination claims under the ADEA and the TCHRA. Because leave should be freely given when justice requires, and because Defendant does not object, good cause exists to allow Puglia to file an amended complaint in the form contained as Exhibit A to this motion.

Dated: April 13, 2012

Respectfully submitted,

GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Phone: (214) 720-2009
Fax: (214) 720-2291

By:   /s/ Hal K. Gillespie
Hal K. Gillespie
ATTORNEY-IN-CHARGE
State Bar No. 07925500
Adam S. Greenfield
State Bar No. 24075494

ATTORNEYS FOR PLAINTIFF

---

[9] *Rosenzweig*, 332 F.3d at 864.

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for Defendant, and he has indicated to me that Defendant is opposed to the relief sought in this motion.

By:  /s/ *Adam S. Greenfield*

## CERTIFICATE OF SERVICE

I certify that on April 13, 2012, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court for the Northern District of Texas using the court's electronic case file system.

By:  */s/ Adam S. Greenfield*