IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK C. PUGLIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-1418-N |
| | § | |
| GENBAND HOLDINGS CO., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This Order addresses Plaintiff Frank C. Puglia's ("Puglia") motion to quash and for protective order [11]. For the reasons that follow, the Court grants the motion in part and denies it in part.

**I. ORIGINS OF PUGLIA'S MOTION**

Puglia brought suit against his former employer, Defendants Genband Holdings Company, Genband Management Services Corp., and Genband US, LLC (f/k/a Genband Inc.) (collectively "Genband") for an alleged violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. Pl.'s Compl. ¶¶ 4-6, 31-36 [1]. On or about February 6, 2012, Genband served subpoenas on three of Puglia's former employers: Hewlett-Packard Company ("HP"), Tellabs North America ("Tellabs"), and Ericsson, Inc. ("Ericsson"). Pl.'s Mot. to Quash 2-3 [11]. The district court for the Northern District of Texas issued the HP and Tellabs subpoenas. *See* Pl.'s App. to Pl.'s Mot. to Quash, Ex. C, 3 [11-3] [hereinafter HP Subpoena]; Pl.'s App. to Pl.'s Mot. to Quash, Ex. D, 3 [11-4]

[hereinafter Tellabs Subpoena]. The district court for the Eastern District of Texas issued the Ericsson Subpoena. *See* Pl.'s App. to Pl.'s Mot. to Quash, Ex. B, 3 [11-2] [hereinafter Ericsson Subpoena]. With these subpoenas, Genband sought information about Puglia's former employment, including Puglia's personnel files (except for protected health information), documents related to Puglia's separation from each company, complaints made against Puglia by any company employee or independent contractor, and complaints Puglia made about each company. Def.'s Resp. 2 [12]; *see also* Ericsson Subpoena 3; HP Subpoena 3; Tellabs Subpoena 3.

Puglia now moves to quash the subpoenas and for a protective order. Pl.'s Mot. to Quash 1-2. He argues that the subpoenas are unduly broad, burdensome, and not likely to lead to the discovery of admissible evidence. *Id.* at 3. He also requests protection from "the annoyance, *embarrassment*, and oppression the production of the requested documents would cause." *Id.* (emphasis in original). Genband responds that it terminated Puglia because of his behavior, attendance, and the fact that he was insubordinate. Def.'s Resp. 2. Genband avers that it has reason to believe Puglia behaved similarly in his previous jobs. Accordingly, Genband subpoenaed Puglia's records from his previous employers requesting an allegedly narrow range of materials related to Puglia's behavior in his previous positions. *Id.*[1]

[1]Genband states that HP has already responded to Genband's subpoena with a declaration that it has no responsive documents. *Id.* at 2 n.1. Genband claims it has produced HP's declaration to Puglia. *Id.* Genband further states that has informed Ericsson and Tellabs of Puglia's pending motion and directed them not to produce any responsive documents until after the Court rules on Puglia's motion. *Id.*

## II. THE COURT HAS THE AUTHORITY TO RULE ON PUGLIA'S MOTION

### *A. Puglia Has Standing to Contest the Subpoenas*

At the outset, the Court considers Puglia's standing to object to the subpoenas. Federal Rule of Civil Procedure 45 governs subpoenas. A court may quash a subpoena under Rule 45(c)(3) "[t]o protect a person subject to or affected by [the] subpoena." FED. R. CIV. P. 43(c)(3)(B). Accordingly, "a party does not have standing to quash a subpoena served on a third party, unless the party has a personal right or privilege with respect to the requested documents." *Chamberlain v. Farmington State Bank*, 2007 WL 2786421, at *1 (D. Conn. 2007); *see also, e.g.*, *Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 2008 WL 2944671, at *1 (E.D. Tex. 2008). Stated another way, a party has standing if he or she has "a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it." *Ass'n of Am. Physicians*, 2008 WL 2944671, at *1 (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). Here, it is undisputed that Puglia has a privacy interest with respect to information contained in his personal employment files.[2] *E.g.*, *Lev v. Nassau Cmtys. Hosp.*, 2011 WL 3652282, at *1 (E.D.N.Y. 2011) (collecting cases); *Guitron v. Wells Fargo Bank, N.A.*, 2011 WL 4345191, at *1 (N.D. Cal. 2011); *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y 2010); *Chamberlain*, 2007 WL 2786421, at *1. Thus, although

[2]The fact that Puglia moves for a protective order also gives him standing to protest the subpoenas under Rule 26. *Chamberlain*, 2007 WL 2786421, at *1.

Genband directed the subpoenas to third parties, Puglia has standing to object to the disclosure of his employment files.[3]

***B. The Court Has Jurisdiction Only to Quash the HP and Tellabs Subpoenas, And It Has Jurisdiction to Issue An Overarching Protective Order***

Having established Puglia's standing, the Court analyzes its own jurisdiction. It is well settled that under Rule 45, barring some exceptions not applicable here,[4] only the issuing court has power to quash, modify, or condition subpoenas. *See* FED. R. CIV. P. 45(c)(3)(A) ("On timely motion, the issuing court must quash or modify a subpoena . . . ."); *see also Ass'n of Am. Physicians*, 2008 WL 2944671, at *3 (collecting cases and stating that, "[a]lthough courts are divided on the issue of whether an issuing court may transfer Rule 45

[3]However, Puglia does not have standing to object under Rule 45 on the basis that producing the files would be unduly burdensome. *E.g.*, *Frazier v. Radioshack*, 2012 WL 832285, at *1 n.2 (M.D. La. 2012); *Public Serv. Co. of Okla. v. A Plus, Inc.*, 2011 WL 691204, at *5 (W.D. Okla. 2011); *Keybank Nat'l Ass'n v. Perkins Rowe Assocs., L.L.C.*, 2011 WL 90108, at *2 (M.D. La. 2011). "A party's objection that the subpoena issued to the non-party seeks irrelevant information or imposes an undue burden on the nonparty are not grounds on which a party has standing to move to quash a subpoena issued to a non-party, especially where the non-party, itself, has not objected." *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group*, Inc., 2007 WL 119148, at *3 (D. Nev. 2007). Accordingly, the Court does not consider Puglia's arguments that the subpoenas are unduly burdensome.

Moreover, even if Puglia had standing to object on the basis of undue burden, he has presented no evidence that the subpoenas present an undue burden to his previous employers – for example, that it would take a lot of time to gather the materials or impose voluminous copying costs, *see, e.g.*, *Glenford Yellow Robe v. Allender*, 2010 WL 1780266, at *5 (D.S.D. 2010); *Abu v. Piramco Sea-Tac Inc.*, 2009 WL 279036, at *2 (W.D. Wash. 2009).

[4]*E.g.*, *In re Clients & Former Clients of Baron & Budd, P.C.*, 478 F.3d 670, 671 (5th Cir. 2007) (explaining that the statute governing Multi-District Litigation ("MDL") allows the MDL court to adjudicate Rule 45 subpoenas even if that court did not issue the subpoenas).

motions to the court where the action is pending,[5] even in those cases where courts have allowed for the transfer of a Rule 45 motion or the remitting of a discovery dispute under Rule 26(c), it is clear that the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts unless there is such a transfer or remittance." (emphasis omitted)); 9A CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY K. KANE, & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2463.1, at 485 (3d ed. 2008) [hereinafter WRIGHT & MILLER] ("The 1991 amendments to Rule 45(c) now make it clear that motions to quash, modify, or condition the subpoena are to be made in the district court of the district from which the subpoena issued."). Accordingly, the Court has jurisdiction to quash, modify, or condition the two subpoenas that the Northern District of Texas issued – the HP and Tellabs subpoenas. *See* HP Subpoena 3; Tellabs Subpoena 3. However, it does not have jurisdiction to quash, modify, or condition the Ericsson subpoena that the Eastern District of Texas issued. *See* Ericsson Subpoena 3.

Nonetheless, as Puglia points out, the Court has the power to issue a protective order with regard to all of Puglia's previous employment records under Federal Rule of Procedure 26(c). *See* Pl.'s Reply 6-8 [13]; FED. R. CIV. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding

[5]The Eastern District of Texas has not transferred any motions to quash the Ericsson subpoena to this Court.

the disclosure or discovery."); *Chamberlain*, 2007 WL 2786421, at *1 ("[T]he court notes that the plaintiff has standing to challenge the subpoenas on the basis of his having moved for a protective order pursuant to Rule 26" in addition to having standing under Rule 45); *cf. Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery." (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 550 (5th Cir. 1980))). *But see Ass'n of Am. Physicians*, 2008 WL 2944671, at *3 (declining to entertain motion to quash and for protective order because court did not issue subpoenas). Accordingly, the Court may issue a protective order under Rule 26 for all or some of Puglia's employment files, regardless whether this Court issued the Rule 45 subpoena related to those records.

## III. THE COURT MODIFIES THE HP AND TELLABS SUBPOENAS

### *A. Quashing and Modification Standard*

A court may quash a subpoena under Rule 45(c)(3) "[t]o protect a person subject to or affected by [the] subpoena." FED. R. CIV. P. 43(c)(3)(B). The scope of permissible discovery under a Rule 45 subpoena is the same as that permitted by Rule 26. *E.g.*, *Warnke*, 265 F.R.D. at 66; *Butcher v. Allstate Ins. Co.*, 2008 WL 4965288, at *2 (S.D. Miss. 2008) ("Subpoenas issued for discovery purposes, such as those at issue here, are subject to the discovery limitations outlined in Fed.R.Civ.P. 26(b)." (citations omitted)); *Chamberlain*, 2007 WL 2786421, at *1 (collecting authorities); 9A WRIGHT & MILLER § 2459, at 443-44. Under Rule 26(b), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Relevancy "has been

construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in this case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978). Thus, a court should allow the requested discovery "if [it] appears reasonably calculated to lead to the discovery of admissible evidence," FED. R. CIV. P. 26(b)(1), or "unless it is clear that the information sought can have no possible bearing on the subject matter of the action," *e.g.*, *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 336, 341 (D. Kan.1991).

A district court has wide discretion to supervise discovery. *Landry*, 901 F.2d at 436 n.114. However, the Fifth Circuit has counseled that "modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *see also* 9A WRIGHT & MILLER § 2459, at 456 ("The court has various options other than quashing the subpoena. The district judge has the power to modify the scope of the subpoena and thereby remove the objectionable features from it while preserving the rest of the subpoena.").

***B. The HP and Tellabs Subpoenas Request Irrelevant Information***

Puglia first objects that his personnel files are irrelevant because they will not lead to the discovery of admissible evidence under Rules 45 and 26. *See* Pl.'s Mot. 3-4. Rather, Puglia claims, Genband is merely going on a "fishing expedition . . . to pry into [his] affairs looking for dirt."[6] *Id.* at 3-5. Indeed, courts have barred a defendant-employer's request for

[6]Genband claims that it "has reason to believe [Puglia's] inappropriate workplace behavior did not begin at Genband but also took place in at least one of his previous jobs." Defs.' Resp. 2; *see Liles*, 2010 WL 1839229, at *5 (rejecting defendant's request for

a plaintiff's personnel information from previous employers to support the defendant-employer's non-discriminatory reason for termination. *E.g.*, *Lev*, 2011 WL 3652282, at *2; *Liles v. Stewart Weitzmann, LLC*, 2010 WL 1839229, at *3-*5 (S.D. Fla. 2010) (collecting cases); *Sanders v. Dalcraft, LLC*, 2009 WL 1392602, at *2 (N.D. Tex. 2009) (Kaplan, Mag. J.); *Chamberlain*, 2007 WL 2786421, at *3. These courts reasoned in part that, because plaintiff's propensity for certain performance deficiencies would be inadmissible under Federal Rule of Evidence 404(a),[7] any evidence of prior poor performance is not reasonably calculated to lead to the discovery of admissible evidence.

However, the Court is unpersuaded by these cases. Though it agrees with the general proposition that propensity evidence is not admissible under Federal Rule of Evidence 404 (with many exceptions), Puglia's personnel files may *lead* to the discovery of admissible evidence. As a leading treatise puts it: "[I]t should be kept in mind that a clear distinction is made between the right to obtain information by discovery and the right to use it at the trial. [Federal Rule of Civil Procedure] Rule 26(b) allows great freedom in discovery. The Federal Rules of Evidence generally control what may be used at the trial." 8 WRIGHT & MILLER § 2007, at 120; *see also* FED. R. CIV. P. 26 advisory committee's note (2000) ("Accordingly, this sentence has been amended to clarify that information must be relevant

---

plaintiff's personnel files from previous employers in part because defendant did "not proffer[] any evidence suggesting that [p]laintiff may have engaged in any wrongful conduct that would provide legitimate grounds for [p]laintiff's discharge").

[7]Federal Rule of Evidence 404(a) provides: "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."

to be discoverable, *even though inadmissible*, and that discovery of such material is permitted if reasonably calculated to lead to the discovery of admissible evidence." (emphasis added)). Under Rule 26, Genband may obtain discovery regarding its defense that it terminated Puglia for legitimate nondiscriminatory reasons.[8]

The Court finds, however, that the broad scope of Genband's request – Puglia's entire personnel file from each employer – exceeds the scope of permissible discovery under Rule 26. *See* 8 WRIGHT & MILLER § 2007, at 124 ("The [2000] Committee Note explains that concerns about the admissibility of otherwise relevant material sought through discovery should not bar discovery, but that the 'reasonably calculated' concept should not override any impulse to place limits around the scope of very broad discovery efforts."). Though the Court agrees that Genband may discover information related to Puglia's alleged prior inappropriate workplace behavior and/or ability to perform his job properly and any possible discipline or termination related to these alleged traits, its current request is too broad. The Court therefore allows Genband to subpoena information from Puglia's previous employers related only to disciplinary actions against Puglia, complaints made about him, complaints

[8]Furthermore, it is notable that Genband subpoenaed Puglia's employment records for only three of Puglia's prior jobs. The relative recency of each of these jobs militates in favor of allowing the discovery. *See Sirota v. Penske Truck Leasing Corp.*, 2006 WL 708910, at *2 (N.D. Cal. 2006) (allowing employer-defendant to subpoena plaintiff's prior employment records in part because defendant limited its request to plaintiff's two most recent places of employment); *cf. Guitron v. Wells Fargo Bank, N.A.*, 2011 WL 4345191, at *4 (N.D. Cal. 2011) (limiting subpoenas for employment records to plaintiff's employers from the previous five years); *Arigbon v. Multnomah Cnty.*, 2009 WL 3335064, at *3 (D. Or. 2009) (quashing subpoena for plaintiff-employee's employment file from previous employer because it found the file irrelevant where plaintiff held the job "more than seven years ago and had responsibilities unrelated to the work she performed for the [defendant]").

he made, or his termination. *See Arigbon*, 2009 WL 3335064, at *3 (narrowing defendant-employer's subpoena for records related to plaintiff's previous employment after determining that some of the requested material was irrelevant).

Accordingly, Genband may request: (1) "documents pertaining to disciplinary action taken or considered by [HP/Tellabs] against Frank Puglia;" (2) "[a]ll documents relating to Frank Puglia's separation from [HP/Tellabs], including but not limited to documents showing the reasons that Frank Puglia left [HP/Tellabs];" (3) "[a]ny formal or informal complaints made against Frank Puglia by any [HP/Tellabs] employee or independent contractor;" and (4) "[a]ny formal or informal complaints of any kind made by Frank Puglia against [HP/Tellabs]." HP Subpoena 5; Tellabs Subpoena 5. The Court modifies the subpoenas by deleting Genband's request for Puglia's entire "employment personnel file." HP Subpoena 5; Tellabs Subpoena 5.

**IV. THE COURT ISSUES A PROTECTIVE ORDER**

The Court may issue a protective order with regard to Puglia's employment records, even if Genband did not subpoena information in this Court. *See supra* Part II(B). Accordingly, for the reasons articulated above, the Court issues a limited protective order over Puglia's employment records from any previous employer, including Ericsson. This Order protects Puglia from wholesale requests for his entire personnel employment file from

any previous employer; however, Genband may request the limited employment information that the Court allows Genband to subpoena from HP and Tellabs.[9]

## CONCLUSION

The Court grants in part and denies in part Puglia's motion. It modifies the HP and Tellabs subpoenas by deleting Genband's request for Puglia's entire personnel file. It also issues a protective order with regard to Puglia's personnel files from previous employers that covers the same material the Court struck from the HP and Tellabs subpoenas. That is, Genband may not seek Puglia's entire employment personnel file from Ericsson; it may only request the limited employment information that the Court allows Genband to subpoena from HP and Tellabs.

The Court therefore orders Genband to (1) notify HP, Tellabs, and Ericsson of the Court's ruling and (2) serve the modified HP and Tellabs subpoenas on these two entities should Genband still wish to subpoena the permitted information from Puglia's personnel files.

---

[9]Genband may therefore request Ericsson produce: (1) "documents pertaining to disciplinary action taken or considered by [Ericsson] against Frank Puglia;" (2) "[a]ll documents relating to Frank Puglia's separation from [Ericsson], including but not limited to documents showing the reasons that Frank Puglia left [Ericsson];" (3) "[a]ny formal or informal complaints made against Frank Puglia by any [Ericsson] employee or independent contractor;" and (4) "[a]ny formal or informal complaints of any kind made by Frank Puglia against [Ericsson]." Ericsson Subpoena 5.

Signed May 17, 2012.

David C. Godbey
United States District Judge